IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRILL RESCUE LLC d/b/a RESCUE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | No. 23-cv-15984<br><br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Defendant Shenzhen Lantianjinrun Trading Co., Ltd. ("Shenzhen") seeks a judgment at the pleading stage against the patent infringement claim of Plaintiff Grill Rescue LLC ("Grill Rescue"). (Dkt. 86.) For the reasons provided below, Defendant's motion is granted. Partial judgment is entered in favor of Defendant and against Plaintiff.[1]

**I.   BACKGROUND**

Plaintiff Grill Rescue alleges in this so-called "Schedule A" case that it has identified numerous e-commerce stores offering infringing products on online

---

[1] Neither party has addressed whether the entry of partial final judgment as to Shenzhen is appropriate under Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, although the Court grants Defendant's motion, no final judgment order will be entered at this time.

marketplace platforms like Amazon.com, Inc. and Walmart, Inc. (Dkt. 53 ¶ 26.) Plaintiff's amended complaint alleges that Defendant Shenzhen infringed on three of its design patents. (*Id.* ¶¶ 40–71.)[2] In addition, the amended complaint outlines claims for trademark infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a) as well as several Illinois state law claims. (*Id.* ¶¶ 72–93.)

Plaintiff voluntarily withdrew several claims from its pleadings (Dkt. 59; Dkt. 79; Dkt. 81). That leaves only one infringement claim under 35 U.S.C. § 271 relating to its design patent, U.S. Patent No. D946,850 ("the '850 patent"), claims for trademark infringement and false designation, a state law claim for unfair competition, and a claim arising under the Illinois Deceptive Trade Practices Act. (*Id.* ¶¶ 40–93.) With regard to the infringement claim, Plaintiff alleges that Defendant manufactured, marketed, and sold a product, a form of a brush used to clean a grill, that infringed on the '850 patent and that Plaintiff suffered damages as a result. (*Id.* ¶¶ 40–47.)

Defendant seeks a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure with respect to Plaintiff's infringement claim.[3] (Dkt. 86.)

---

[2] Plaintiff's amended complaint refers to 15 U.S.C. § 271 in each count for patent infringement, but the Court construes these claims to arise under 35 U.S.C. § 271 given the representations made by the parties in their filings and during Court hearings throughout this litigation.

[3] In addition to the claims for trademark infringement and false designation, Plaintiff's remaining claims also include a state law claim for unfair competition arising under the Illinois Deceptive Trade Practices Act. Defendant's motion makes no mention of these claims, nor does Defendant argue that granting its motion for judgment on the pleadings with regard to patent infringement requires dismissal of these claims. *See supra* note 1.

2

Defendant argues that the '850 patent is invalid and, in the alternative, that its accused product does not infringe on the patent because the accused product is sufficiently distinct. (Dkt. 87.) For the reasons discussed below, the pleadings and their incorporated references show that Defendant's product does not infringe on the '850 patent. Accordingly, Defendant's motion is granted.

## II. LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings after the complaint and answer have been filed, but early enough not to delay trial. Fed. R. Civ. P. 12(c); *Fed. Deposit Ins. Corp. v. FBOP Corp.*, 252 F. Supp. 3d 664, 671 (N.D. Ill. 2017). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). In evaluating a motion under Rule 12(c), a court must accept the nonmovant's factual allegations as true and draw all reasonable inferences in the nonmovant's favor, but the court need not accept any "legal assertions" as true. *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). Although review is limited to the pleadings, a court may also take into consideration documents incorporated by reference into the pleadings and matters properly subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

A Rule 12(c) motion's customary function is "to dispose of a case based on the substantive merits of the parties' claims and defenses, so far as they are revealed in the pleadings and other information subject to judicial notice." *Lecat's Ventriloscope v. MT Tool and Manufacturing*, 2018 WL 3651592, at *2 (N.D. Ill. Aug. 1, 2018). A

court may grant judgment on the pleadings "if no genuine issues of material fact need to be resolved and the moving party is entitled to judgment as a matter of law. *Id.* (citing *U.S. Commodity Futures Trading Comm'n v. Oystacher*, 203 F. Supp. 3d 934, 939 (N.D. Ill. 2016)). If it appears that discovery "is necessary to fairly resolve a claim on the merits," however, "the motion should be denied." *Id.* (citing *Fed. Deposit Ins., Corp.*, 252 F. Supp. 3d at 672).

### III. DISCUSSION

#### A. Non-Infringement

Defendant argues that, based on Plaintiff's pleadings and the documents incorporated into the pleadings by reference, the Court can find that the accused product does not infringe on the '850 patent and may therefore enter a judgment in Defendant's favor. Plaintiff responds that, because Plaintiff alleges that Defendant infringed upon its patent, the Court must accept this conclusion given the pre-discovery posture of the case. (Dkt. 99 at 3–4.) But an allegation that a party has infringed on a patent is a legal assertion, which the Court need not accept as true. *See Wagner*, 840 F.3d at 358. Rather, the Court must accept the facts alleged by Plaintiff. These facts may include the '850 patent design drawings cited by Defendant as well as pictures of Defendant's product, as these images were incorporated by reference into Plaintiff's complaint. (Dkt. 53-2 (the '850 patent); Dkt. 53-4 (containing pictures of the accused product).)

From these representations, the Court may determine whether an "ordinary observer . . . would be deceived into believing the [accused product] is the same as the

4

patented [product]." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008). Moreover, a court can make this determination at the pleading stage under the Rule 12(b) and Rule 12(c) standard. *See, e.g., Young v. Stone*, 2014 WL 4271624, at *2 (N.D. Ill. Aug. 28, 2014) (granting a motion for judgment on the pleadings); *Parker v. Kimberly-Clark Corp.*, 2012 WL 74855 (N.D. Ill. Jan. 10, 2012) (dismissing an infringement claim under Rule 12(b)(6)).

To find that an ordinary observer would not be deceived, however, the claimed design and the accused design "will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678; *see also Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 933–34 (Fed. Cir. 2014) (affirming dismissal under Rule 12(b)(6) because " 'plain differences' exist between the accused products and the patented design"). When a design "contains both ornamental and functional features, it is proper to separate the functional and ornamental aspects, because the scope of the design claim 'must be construed in order to identify the non-functional aspects of the design as shown in the patent[.]' " *Young*, 2014 WL 4271624, at *2 (quoting *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed.Cir. 2010)).[4] In addition, the scope of an infringement claim regarding a

---

[4] Defendant and Plaintiff both raise arguments relating to analyses of prior art. (Dkt. 87 at 16; Dkt 99 at 7–8.) To be sure, when the claimed and accused designs "are not plainly dissimilar," resolution of "whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Egyptian Goddess*, 543 F.3d at 678. But because the '850 Patent and the accused product are plainly dissimilar, the Court need not delve into comparisons with prior art. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1337 (Fed. Cir. 2015) ("[C]omparing the claimed and accused designs with the prior art is beneficial only when the

5

design patent "is limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988).

By comparing side-by-side images of the '850 patent and the accused product (see images below; *see also* Dkt. 53-2; Dkt. 53-4), Defendant shows that its product is sufficiently distinct from Plaintiff's '850 patent. Defendant's brush appears noticeably thicker in comparison to its width and length than Plaintiff's brush. (*Compare* Dkt. 53-2 *with* Dkt. 53-4.) In addition, the patented design appears to have a smooth surface, but the accused product has a herringbone texture and a different stitching pattern on its side. *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188–89 (Fed. Cir. 1988) (different "surface details" were "sufficient to make apparent to an ordinary observer that one design is not the other.").

Other differences are facially evident. Plaintiff's patent design drawings show smooth, round corners on the cleaning head while the accused product has non-uniform corners. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (distinguishing "the scalloped edges in the patented design" from "the smooth edges of the accused design"). Moreover, Defendant's accused product has a dimpled bottom, but the bottom depicted in the '850 patent drawings is smooth. Accordingly, because the accused product would be sufficiently distinct to an ordinary

---

claimed and accused designs are not plainly dissimilar.") Plaintiff also asserts that the timing of the accused product's entry into the market supports an inference of infringement. (Dkt. 99 at 6–7.) Plaintiff provides no legal authority, however, to show how the comparative timing of the accused product's entry into the would supplant or otherwise affect the ordinary observer test. Accordingly, it does not appear germane to the Court's "ordinary observer" analysis and thus does not upset the Court's conclusion.

6

observer from the '850 design, judgment may be entered in Defendant's favor on Plaintiff's infringement claim.





## B.  Invalidity

Defendant separately argues that Plaintiff's '850 patent is invalid under 35 U.S.C. § 112 ("Specification"). (Dkt. 87 at 14–16.) Plaintiff responds by raising arguments under 35 U.S.C. §§ 102 and 103 concerning novelty and non-obviousness. Defendant replies that Plaintiff fails to address the patent's validity under Section 112 and provides a summary of the '850 patent's prosecution history to reinforce its invalidity argument. (Dkt. 100 at 3–5.)

Despite the parties' extended discussion of the patent's validity, the Court need not decide the issue at this time. *See, e.g., FYF-JB LLC v. Pet Factory, Inc.*, 410 F. Supp. 3d 912, 920 (N.D. Ill. 2019) (declining to analyze the validity of a patent under

a Rule 12(c) motion). Courts have often "declined to entertain indefiniteness arguments at the pleading stage." *Id.* (collecting cases). Although Defendant cites numerous cases where courts have entered judgment on an infringement claim at the pleading stage, none of those cases appears to invalidate a patent. (*See* Dkt. 100 at 5.) As explained above, judgment on the pleadings in Defendant's favor is appropriate because of the plain dissimilarity between the patented product and the accused product. Accordingly, the Court need not make a finding as to the '850 patent's invalidity.

## IV. CONCLUSION

Defendant Shenzhen's motion for judgment on the pleadings is granted.

SO ORDERED in No. 23-cv-15984.

Date: February 20, 2026

JOHN F. KNESS
United States District Judge